UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> ) | CASE NO.  20-sw-00418-JMC <br><br> **Filed Under Restriction** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under restriction from public access this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Corporation, an Cellular Service Provider located in North Palm Beach, FL, to disclose certain records and other information pertaining to the AT&T prepaid card number 6058120000440739552, the AT&T Radiant phone serial number 244863382040497388, and suscriber BENJAMIN DAVID HARBIN**,** as further described in Part I of Attachment A. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.      AT&T Corporation is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T Corporation to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating the criminal activity involving the production of child pornography and coercion and enticement. The investigation concerns possible violations of, inter alia, 18 U.S.C. § 2251(a) and (e) (Production and Attempted Production of Child Pornography) and 18 U.S.C. § 2422(b) (Coercion and Enticement).

5. In January 2020, the Federal Bureau of Investigation (FBI) became involved in the investigation of a matter involving the online enticement and sexual exploitation of an 8-year-old girl, whose name and identity is known to the FBI and identified herein as "Minor #1". The exploitation was facilitated through the mobile telephone application Instagram by an individual utilizing the username "cuteboy4110". Instagram is an Internet-based application that can be accessed and used from any computer, smartphone, or other tablet device with Internet connectivity.

6.      On January 31, 2020, the Hon. Michael J. Roemer issued a federal search warrant in the Western District of New York to search the Instagram user account "cuteboy4110" for evidence of violations of 18 U.S.C. Sections 2251(a) and 2422(b) from November 27, 2019 to the "present", which was subsequently served on Instagram. The results of the search warrant return were received by FBI Buffalo on February 13, 2020. The results of the search warrant return were later provided to Special Agent (SA) Alex Zappe, FBI Denver Division, for review.

7.      The Instagram search warrant return material included chat messages and photos to and from the individual utilizing the username "cuteboy4110" ("SUB1") to more than 100 other Instagram users, primarily younger females under the age of 12. As further described in this paragraph, SUB1 used a technique commonly referred to as grooming to gain their trust. He communicated with numerous users, consistently stating his name was "David" and that he was 27 or 24 years old. He asked the females if they wanted to be his secret friend, secret girlfriend, or secret "BFF", meaning best friend forever. He asked the females what they were wearing and asked to see a picture of it. Once comfortable sharing a picture of themselves with clothes on, SUB1 asked if they were wearing underwear underneath and what kind. He then requested to see pictures of the underwear. He progressed to ask for pictures of the girls' genitals and bare chest. He requested to have video chat sessions with them, which did occur as recorded by the Instagram log activity. The content of the video chat is not recorded or retained by Instagram. SUB1 conversed in back-and-forth text conversations, engaging in sexually explicit dialogue. He encouraged the minor females to engage in sex acts by playing with themselves, and by inserting objects such as a pencil or a marker inside their vaginas. When doing so, SUB1 requested to see photos of the sex acts or to see through live video. He encouraged his female contacts by telling them they were pretty or cute, and he told them "I love you" repeatedly.

8. SA Zappe obtained pictures from the Colorado DMV and the Sex Offender Tracking and Registration (SOTAR) database; both match the pictures of BENJAMIN DAVID HARBIN's face which were sent to minor females using the Instagram account "cuteboy4110". Additionally, based on SA Zappe's physical observations of BENJAMIN DAVID HARBIN, he is the individual depicted in the images sent by "cuteboy4110" to minor females he communicated with on Instagram.

9. Records obtained indicated the account "cuteboy4110" was registered utilizing IP address 184.166.4.77. Subscriber information for the "cuteboy4110" Instagram account indicated the user created the Instagram account "cuteboy4110" on September 17, 2019.

10. A federal administrative subpoena issued to Charter Communications confirmed that on September 17, 2019, IP address 184.166.4.77 was registered to Alan Harbin, 587 Village Way, Grand Junction, Colorado 81507, telephone (970) 241-9116, email address alanharbin@bresnan.net. Additionally, on January 16, 2020, subsequent to a federal administrative subpoena sent to Charter Communications for telephone number (970) 241-9116, results revealed that the subscriber was Alan Harbin, 587 Village Way, Grand Junction, Colorado 81507, telephone (970) 241-9116, email address alanharbin@bresnan.net.

11. A second Instagram account is also believed to have been used by BENJAMIN DAVID HARBIN to communicate with a 7-year-old minor female. The account "david_boo1235" was registered utilizing IP address 184.167.177.53. Subscriber information was obtained through the state search warrant indicating Harbin created Instagram account "david_boo1235" on August 15, 2019. Investigated in part by the Spokane County Sheriff's Office, a Washington State search warrant was issued and served on Charter Communications,

4

confirming the IP address was registered to Alan Harbin, 587 Village Way, Grand Junction, Colorado 81507.

12. Due to the disclosure of the 7-year-old minor female to the SCSO, Detective Humphrey contacted the probation officer assigned to Harbin in Mesa County, Colorado and advised her of Harbin's conduct. Based on the reported conduct, the probation officer requested an arrest warrant from the state district judge for the crime of probation violation. Harbin was arrested on March 3, 2020 without incident. As a result of his Initial Appearance, he was released on the posting of a $1,000 bond paid and a personal recognizance promise to appear. The judge also ordered Harbin to be supervised 24/7 by either his mother or father. A hearing for revocation of probation is currently pending for April 17, 2020.

13. On March 25, 2020, SA Zappe spoke with Mesa County Probation Officer Candice Dow who is assigned to oversee the probation of Harbin. Dow stated Harbin lives at his father's house, 587 Village Way, Grand Junction, Colorado 81507, where he has his own bedroom and all of his personal belongings. He sleeps there every night. Because he was ordered to have 24/7 supervision by one of his parents, he spends time with his mother at her house when his father is at work during the day. Mother and father are divorced and live at separate houses. Dow further advised that his arrest on March 5, 2020, stemmed from discovered use of social media as related to the investigation involving the 7-year-old minor female. She advised that Harbin previously had various employment jobs working for contractors and had an income. When she discussed the Washington State investigation, Harbin told her he got rid of the phone. She stated that his mother and father conducted a search of the house and could not find a phone. Dow stated she knows there is a computer at the 587 Village Way residence but stated father

changes the password regularly and Harbin is not allowed to use any computer without in-person supervision.

14. During the course of the investigation, several email addresses have been identified that appear to be associated with BENJAMIN DAVID HARBIN:

- pppbell345@yahoo.com
- masteritup@yahoo.com
- masterofallthings1@yahoo.com
- bennybooboo1245@gmail.com

15. On March 27, 2020, a premises search warrant was executed at 587 Village Way, Grand Junction, Colorado 81507. Among other items of evidence found at the residence was a receipt for a prepaid AT&T Radiant cell phone, purchased on January 17, 2020. Additionally, a prepaid AT&T card used for paying for calling time and/or data was recovered from BENJAMIN DAVID HARBIN's bedroom. It was located in the box spring mattress; the cloth on the box spring had been cut and the card was tucked inside the box spring mattress.

16. On April 1, 2020, video surveillance footage was obtained from the retail store of the receipt confirming the purchase on January 17, 2020 of the AT&T Radiant cell phone and the AT&T prepaid card. The video included images and video footage of the purchaser. Based on SA Zappe's review of the images and video purchases, the purchaser appears to be BENJAMIN DAVID HARBIN.

17. It is believed that BENJAMIN DAVID HARBIN activated the AT&T prepaid card to utilize the AT&T Radiant cell phone and therefore has an established subscription or account with the telephone provider AT&T. The records being requested are relevant and material to an ongoing criminal investigation, as they will assist in identifying contact

BENJAMIN DAVID HARBIN had with minor females in violation of 18 USC 2251(a) and (e) and/or 18 USC 2422(b).

## REQUEST FOR ORDER

18.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that AT&T Corporation be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of the service of the Order.

                Respectfully submitted,

                JASON R. DUNN
                UNITED STATES ATTORNEY

                *s/ Alecia Riewerts*
                Alecia Riewerts
                Assistant United States Attorney
                1801 California Street, Suite 1600
                Denver, Colorado  80202
                Email: Alecia.Riewerts@usdoj.gov